IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GHORI NO. 1 CAB CORPORATION, *et al.*, | ) | No. 13-08275 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: June 1, 2017 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 613 |
| | ) | |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
FRANKGECKER LLP, COUNSEL TO FRANCES GECKER,
CHAPTER 7 TRUSTEE OF THE ESTATE OF GHORI NO. 1 CAB CORPORATION**

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, Chapter 7 Trustee of GHORI NO. 1 CAB CORPORATION, *et al.*, |
| Period for which compensation and reimbursement is sought: | November 6, 2013 through March 1, 2017 |
| Amount of Fees Sought: | $[1]30,944.73 |
| Amount of Expense Reimbursement Sought: | $   323.14 |

The aggregate amount of fees and expenses *paid* to FrankGecker LLP to date for services rendered and expenses incurred in connection with Case No. 13-08275 is: $0.00

---

[1] The total incurred fees equal $31,086.00. FrankGecker LLP has voluntarily agreed to reduce its fees by $141.27.

{GHORI/001/00045944.DOC/2}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GHORI NO. 1 CAB CORPORATION, *et al.*, | ) | No. 13-08275 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date:  June 1, 2017 |
| | ) | Hearing Time:  10:00 a.m. |
| | ) | Room No.:      613 |
| | ) | |

### NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **June 1, 2017**, at **10:00 a.m.**, we shall appear before the Honorable Deborah L. Thorne, or such other judge as may be sitting in her stead, in Courtroom 613 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Fee Application of FrankGecker LLP, Counsel to Frances Gecker, Chapter 7 Trustee of the Estate of Ghori No. 1 Cab Corporation.**

Dated:  April 21, 2017

                                          Respectfully submitted,

                                          FRANKGECKER, LLP.

                                          By:  /s/ *Frances Gecker*
                                                 Frances Gecker, Chapter 7 Trustee

Frances Gecker (IL ARDC #6198450)
Micah R. Krohn (IL ARDC #6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)

{GHORI/001/00045944.DOC/2}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GHORI NO. 1 CAB CORPORATION, *et al.*, | ) | No. 13-08275 |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |

## FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP, COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF GHORI NO. 1 CAB CORPORATION

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Ghori No. 1 Cab Corporation ("Ghori"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 507(a)(1) for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing November 6, 2013 through and including March 1, 2017 (the "Application Period"). In support hereof, FG respectfully represents as follows:

### INTRODUCTION

On March 1, 2013 (the "Petition Date"), Ghori No. 1 Cab Corporation and its related debtors, INF Cab Corporation, Case No. 13-08276 and Uboo Cab Corporation, Case No. 13-08278 (collectively, the "Debtors") filed voluntary Chapter 11 bankruptcy petitions in this Court. On April 10, 2013, the Court entered an order substantively consolidating the cases under the lead case of Ghori No. 1 Cab Corporation, Case No. 13-08275 [Dkt. No. 24]. On November 6, 2013, the Court entered an order converting this case to a chapter 7 proceeding. On November 12, 2013 Frances Gecker was appointed chapter 7 trustee [Dkt. No. 121]. On November 20,

2013, the Court entered order authorizing the Trustee to employ the firm of FrankGecker LLP ("FG") as her attorneys [Dkt. No. 148].

Prior to the conversion date of the Debtors' cases, the Debtors operated three taxicabs in the City of Chicago. On the Petition Date, the Debtors' primary assets were the Debtors' three taxicab medallions (collectively, the "Medallions") and two vehicles. Pursuant to an order entered by the Court on November 26, 2013 [Dkt. No. 159], the Trustee sold the Debtors' vehicles at public auction.

The Debtors listed the Medallions in their respective bankruptcy schedules, with a disclosed value of $350,000 each. However, the Debtors' disclosed value of the Medallions was based on historical values and did not account for the unprecedented impact of Uber and Lyft's penetration into the Chicago market. Uber and Lyft compete directly with licensed taxicab companies, and have the advantage of operating without the expense of taxicab medallions.

The rapid growth of Uber and Lyft in the Chicago market resulted in extreme volatility in the market and ultimately a steep decline in the value of tax medallions. The Debtors' valuation of the Medallions, therefore, appears highly inflated based on market values at least shortly after the Petition Date and since.

Despite the Trustee's concerted efforts to market the Medallions, beginning in December, 2013, and several expressions of interest and written agreements, the Trustee was unable to locate a buyer that would actually consummate a sale of any of the Medallions. On August 20, 2014, the Court entered an order [Dkt. No. 227] authorizing the Trustee to abandon one of the Debtors' medallions, Medallion No. 4586, which was encumbered by a lien exceeding the value of the medallion. On November 5, 2014, the Court entered an order [Dkt. No. 234] authorizing

the Trustee to sell the two remaining medallions, Medallion Nos. 4499 and 4568, to Sandra Friedman. However Ms. Friedman defaulted under her agreement with the Trustee.

Since that time, the Trustee has continued to consult with the City of Chicago, and has solicited offers from known license brokers and interested parties, but has been unsuccessful in locating an interested purchaser for the remaining two Medallions. Based upon the foreseeable lack of market for taxi medallions in the City of Chicago, the Trustee concluded that Medallion Nos. 4499 and 4568 would not generate any funds for the Debtors' estate. On February 28, 2016, the Trustee filed a Notice of Abandonment for Medallion Nos. 4499 and 4568 and they are deemed abandoned as of March 3, 2016.

This Application sets forth in detail the work performed by FG and the time spent in connection with this case, from November 6, 2013 through March 31, 2017. To aid the Court in its review of the Application, FG has divided the Application into three parts. Part I describes the practical and legal issues encountered by FG, and the actions taken and results obtained by FG. Part II describes counsel's qualifications and areas of special expertise. Part III describes the manner in which the fees and costs were calculated.

## I.   SERVICES PERFORMED

### A.   Administration                                                $2,301.50

Trustee's counsel spent 5.90 hours at a cost of $2,301.50 on general case administration matters. This category includes all general case administration matters including reviewing insurance issues, securing the turnover of the automobiles owned by the Debtors, communications regarding Debtors' obligation to file tax returns, and maintenance of case docket and calendar, review of work in process and preparation of reports, notices and service lists.

{GHORI/001/00045944.DOC/2}                              3

**B.     Claims/Claims Objections**                                      **$3,621.50**

Counsel spent 9.50 hours at a cost of $3,621.50 in reviewing claims and analyzing claims against the Debtors. FG reviewed, analyzed and appeared in Court regarding objections to claims filed by a purported minority shareholder and a secured lender held a lien against one of the Medallions. FG reviewed the objections and responses and attended Court hearings regarding objections to Debtors' Chapter 11 counsel. Finally, FG participated in review and communications with the bidder of the failed purchase attempt resulting in a reduction of its claim from $600,000 to $99,500.

**C.     Retention of Professionals/Fee Applications**                   **$839.50**

Counsel spent 2.30 hours at a cost of $839.50 preparing and filing a motion to employ counsel for the Trustee.

**D.     Sale of Assets**                                                **$13,624.50**

Counsel spent 36.20 hours at a cost of $13,624.50 on the sale of assets of the Debtors' estates. This category includes time spent on securing and attempting to sell the taxicab automobiles and issues relating to the negotiation and sale of the Medallions. FG researched City of Chicago regulations regarding the transfer of taxicab medallions and prepared motions to sell the Medallions.

**E.     Taxicab Medallions**                                            **$10,699.00**

Counsel spent 29.70 hours at a cost of $10,699.00 on issues relating to securing and maintaining the validity of the Medallions. FG researched and reviewed issues unique to taxicab regulations in the City of Chicago. In order to maintain the value of the Medallions, the Trustee was required to properly transfer the Medallions and pay renewal fees. FG prepared and submitted the necessary documents to maintain perfection in the Medallions. In addition, FG

engaged in numerous communications with the City of Chicago Department of Business Affairs and City of Chicago legal counsel regarding the procedures for abandoning the Medallions.

## II. ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

A. <u>Micah R. Krohn</u> (MRK) is senior counsel at FrankGecker. Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz. Mr. Krohn has been involved in the day-to-day representation of the Trustee.

B. <u>Zane L. Zielinski (ZLZ)</u> was an associate at FG. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, Debtor and creditors in bankruptcy cases.

C. <u>Jeremy C. Kleinman (JCK)</u> is an associate at FG. Mr. Kleinman is a graduate of the University of Michigan Law School. Mr. Kleinman regularly represents secured and unsecured creditors, commercial landlords, creditors' committees, trustees and other clients in all stages of chapter 11 bankruptcy proceedings.

D. <u>Reed Heiligman (RH)</u> is an associate at FG. Mr. Heiligman is a graduate of The John Marshall Law School where he served as Managing Editor of The John Marshall Law Review. Mr. Heiligman regularly represents secured and unsecured creditors, creditors' committees and bankruptcy trustees.

E. <u>Michael H. Matlock</u> (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases. Mr. Matlock assisted counsel in reviewing and preparing renewal forms for the Medallions.

### III. CALCULATION OF TIME AND FEES

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from November 6, 2013 to and including March 31, 2017. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtors' bankruptcy estates. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, the attorneys and paralegals at FG have spent a total of 83.60 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $30,944.73[1] for actual, necessary legal services performed, as itemized in **Exhibit A**. The blended hourly rate is $341.67.[2] In addition, counsel has expended the sum of $323.14 for actual, necessary expenses incurred in representing the Trustee, as itemized in **Exhibit A**.

In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. Counsel worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir.

---

[1] The total incurred fees equal $31,086.00. FrankGecker LLP has voluntarily agreed to reduce its fees by $141.27.
[2] The blended rate is calculated on the actual incurred fees in the amount of $31,086.00.

{GHORI/001/00045944.DOC/2}                    6

1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

Counsel does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. Counsel does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, counsel's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to counsel other than as disclosed or approved by this Court. Counsel certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.   Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of $30,944.73;

B.   Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $323.14;

C.   Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of $31,267.87; and

    D.    Granting such other relief as the Court deems just and equitable.

Dated: April 21, 2017

Respectfully submitted,

FRANKGECKER, LLP

By: ___/s/ *Frances Gecker*___

Frances Gecker (IL Bar No. 6198450)
Micah R. Krohn (IL Bar No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:   (312) 276-1400
Facsimile:    (312) 276-0035
fgecker@fgllp.com
mkrohn@fgllp.com

{GHORI/001/00045944.DOC/2}    8