## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11, converted to Chapter 7 |
| | ) | |
| Ghori No. 1 Cab Corporation, et al. | ) | Case No. 13-08275 |
| | ) | |
| Debtor. | | |

### OBJECTION TO TRUSTEE'S FINAL REPORT

NOW COMES Forrest L. Ingram, attorney of record for the Debtor GHORI NO. 1 CAB CORPORATION, INF CAB CORPORATION during the chapter 11 phase of this case, and for his Objection to the Trustee's Final Report, states as follows:

1. On March 1, 2013, the Debtor and two other related entities, all represented by Attorney Forrest L. Ingram, filed a petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*

2. On April 10, 2013, the Court granted the motion of the three Debtors to substantively consolidate their cases under the lead case number 13-8275.

3. On March 26, 2013, the Court entered an order granting Ingram's application to be employed as counsel for the Debtors.

4. On June 11, 2013, the Court granted Ingram's first petition for fees as attorney for the Debtors in the amount of $22,207.50, plus expenses awarded: $32.44.  See Docket #43.

5. On  July 24, 2013, the Court granted Ingram's second petition for fees as attorney for the Debtors in the amount of $18,201.00, plus expenses of $113.96.  See Docket #59.

6. On November 6, 2013, the Court entered an order converting the case to a case under Chapter 7.

7. On February 4, 2014, the Court granted Ingram's motion to withdraw as counsel for the Debtors.

8. On February 26, 2014, after the case had been converted and after Ingram had withdrawn as counsel, the Court entered two orders, granting Ingram's third and fourth applications for fees in the sums of $20,811.00 and $14,727.00 respectively.  See Docket #202 and #203.

9.   Some of the fees awarded to Ingram were paid during the period when the case was a case under Chapter 11.  After the case was converted, the Debtors, pursuant to the four orders entered by the court, continued to owe Ingram, as an *administrative priority claim*, the unpaid sum of $35,536.00.

10.   The Trustee must have been fully aware of that fact, since she cites that amount on page 21 of the "Trustee's Final Report" filed on April 20, 2017.  Doc. 243, p. 21.

11.   The Trustee presents a "Total of All Accounts" on page 14 of the Trustee's Final Report.  It shows net deposits of $73,909.76 and disbursements of $22,124.83, leaving a balance in the account of $51,784.93.  Doc. #243, p. 14.

12.   The Trustee lists Ingram's claim of $35,536.00 on her report as an *ALLOWED* administrative (priority) claim.  Doc. 243, p. 16.  However, she does NOT include that claim on her "Proposed Distribution"  but instead indicates that Ingram is to receive $0.00 for his administrative priority fees.  Doc. 243, pp. 19-21.

13.   Before filing this objection, Ingram raised this issue with the Trustee in an email communication but received no response.  Therefore, this objection had to be filed in order to obtain a ruling from the court as to whether ignoring the administrative priority claim of attorney who represented the Debtor in this case, prior to the conversion of the case from chapter 11 to chapter 7, is proper, or should the Debtor's attorney share in the available distribution proceeds.

**WHEREFORE**, Debtor's chapter 11 attorney Forrest L. Ingram respectfully requests that this Honorable Court enter an order requiring the Trustee to amend the Final Report and to include in the amended report the distribution to the Debtor's prior attorney some of the funds so available.  Ingram requests such other or further relief as the Court deems just and appropriate.

Respectfully Submitted,

By:

/s/  Forrest L. Ingram